Board, 2015 3171. Mr. Stone, when you are ready. Yes, Your Honor. Good morning, Your Honor. If it may please the Court, I would say that I represent Ms. Kimberly Ann Hewins, who was a postal service employee who was fired under an illegal contract and through the postal service using criminal means as to keep her from filing a workers' compensation claim. The issue was brought up before the Board. The Board decided to dismiss her. This was originally a USERRA appeal. The Board requested, I mean, the Board determined she did not file a USERRA appeal because the administrative judge applied the wrong law. The judge asked Ms. Hewins to produce evidence to prove that she had filed a USERRA appeal. Excuse me, Ms. Behan, I think the time clock is incorrect. Oh, I understand. Please resume. Okay. The green light, is the green light on? The green light should be on for 15 minutes. Okay, I reserved time to rebut. Yes. In fact, basically split it seven and eight. Yes. The problem is that when she was before the Board at 232 of the appendix, what she seems to be complaining about is that the agency didn't tell her that she was entitled to take time off for medical treatment, rather than that they denied time off because it was service-connected. So the question is whether the allegations here really are sufficient to raise a USERRA claim. I believe they are, Your Honor. What happened was is the agency is required, if you look at 5 U.S.C. 8101 et al., they're required to tell the individuals whether or not they're entitled to a workers' comp claim. They knew this individual. Why does that make a USERRA claim, just because they didn't tell her that she was entitled to time off? She has a right to file with the Merit Systems Protection Board because she's a veteran. And they were trying to get rid of her because she's a veteran and she's been out of work quite a bit. But there's no evidence of that, right? They were doing it because she was a veteran. Well, the evidence doesn't come in until a hearing, Your Honor. Well, we have a case called Dick. Pardon me? We have a decision called Dick which says that while there's no summary judgment procedure before the board on a variety of claims, that you nonetheless have to do something more than make a conclusory allegation, that you have to supply supporting evidence. Supporting evidence wasn't supplied, Your Honor. What's the evidence? The evidence was that the argument was made. The evidence was that the agency withheld documents for nearly a year from her, from the U.S. Department of Labor. They were all withheld. That was mentioned to the Department of Justice. They said they were going to take it up a little higher, and I never heard back on it. That is a criminal violation under, I believe it's 5 U.S.C. 1819. But what does that have to do with her veteran status? They were withholding the documents because they wanted to get rid of her. She'd been hurt over and over again. She was a veteran. She was out of work for injuries, and they wanted to get rid of her. But what's the evidence that they wanted to get rid of her because she was a veteran? Excuse me? What's the evidence they wanted to get rid of her because she was a veteran or that they denied any time off to get medical treatment related to a service-connected injury? The… I'm sorry. I don't know how to turn it off. I just got it. The… It shouldn't be in the courtroom if you don't know how to turn it off. May I take it out here? May I take it out? Take it out and turn it off. Thank you. Your Honor, if I may. May I bring up another issue which I think is basic to this case? You may bring up any issue that was properly decided and briefed. The termination was based on an illegal contract, and that illegal contract is evidence from the pleadings and the arguments in the file. I don't think that was briefed. Yes, it was. It was, Your Honor. What's illegal about the contract? It was on the response brief, page 17. And Section 3, the agency's decision, was based upon an invalid contract. Is it raised in your opening brief? Yes, it is. And it's raised in the pleadings, I believe. It was raised in the… The agency raised it in their response. What the illegal contract was… Well, state the point briefly. The point was neither party knew what they were entering into. There has to be a meeting of minds in the contract. So that makes it illegal? They didn't know what they were entering into. The judge had to tell them what the contract meant. If there's no meeting of minds, there's no contract. You're talking about the LCA? Yes. Well, the LCA says perform properly, and if you don't, you're out. Yes, but she did perform properly. Well, that issue is not before us, whether she performed properly. That issue is, if I may… With respect to the LCA, she appealed nine months late, right? You mean filed the appeal with the board? That's what the judge said. This gets back to the last chance agreement, which was the contract. Both parties agreed that they entered a contract where the individual waived her board appeal rights. The judge, after she looked it over, decided she wanted to dismiss the case and said, well, neither party was correct. She did not waive her rights, and that was right in the face of what the statutes say and what the contract law is. Therefore, she should have filed in 40 days. Therefore, I'm not even going to get involved with a USARA case. And the judge never gave her legal reasoning, never cited cases to do it. It was obviously not handled properly, Your Honor. Any questions? If you'd like to reserve the rest of your time, that's fine. Okay. Did we hear from Ms. Lederer for the board? May it please the Court. The administrative judge properly dismissed Petitioner's USARA appeal because she failed to make a non-frivolous allegation that she lost a benefit of employment due to her performance of duty in the uniform service. Petitioner's burden to make a non-frivolous allegation of board jurisdiction under USARA has three prongs. She must non-frivolously allege that, one, she had performance of duty in the uniform service of the United States, two, that she lost a benefit of employment, and three, that the benefit was lost due to her performance of duty in the uniform service. In this case, she did not establish the third prong of that test. The board's regulations state that a non-frivolous allegation... But she does say on A232, the agency terminated the appellant to deny her leave for treatment of her service-connected injuries. Doesn't that, in a conclusory fashion, allege a USARA violation? Well, as you said, Your Honor, that's a conclusory allegation. Yeah, but if a conclusory allegation were enough, she did it, right? Exactly. However, the precedent and the regulations state that a non-frivolous allegation must be more than conclusory. It must be plausible on its face, and it must be material to the legal issues in the appeal. Specifically with regard to USARA, the non-frivolous allegation burden under USARA, cases where this court has found that a non-frivolous allegation has been made involved more direct allegations of a connection between the agency's action and the appellant's military service. For example, in Yates, the appellant tied her removal directly to her military service by alleging that she had missed part of her training period with the agency due to military reserve service, and that the agency failed to correspondingly extend that training period, which eventually led to her removal from employment. Similarly, in Patterson v. Interior, the appellant had alleged that he was not selected for a position, while the two people who were selected had lower qualifications and also did not have military service. So in both of those cases, this court found that those constituted non-frivolous allegations under USARA, because they're drawing the connection between the military service and the agency's action. And therefore, in this case, the petitioner just simply doesn't draw such a connection. She makes allegations that X, Y, and Z have been due to her military service, but she doesn't say any evidence or even any argument for why or how that was connected to her military service. Are you familiar with the Dick case? Yes, I don't have it on hand. Does that requirement of supporting the allegations with evidence apply in the USARA area? Well, I don't know that evidence specifically is required, but at least argument or evidence is required. Something more than just a conclusory allegation is certainly required. So although the petitioner may be correct that she's not required to prove her allegations at the non-frivolous allegation stage, it just has to be something more than non-frivolous, not to go back to the same words. But although USARA non-frivolous allegations are broadly construed, there still has to be something there to apply to the liberal broad construing approach too. It can't just be a conclusory statement that I was discriminated against, which is more what we have in this case. As we saw in the Bainey case, this court stated that the right to a hearing under USARA does not attach simply because an appeal is labeled as a USARA claim. Rather, the right to hearing only attaches when the appellant makes a non-frivolous allegation of board jurisdiction. And with regard to petitioner's allegations about the last chance agreement, the judge properly found that her appeal was untimely filed nine months late with no good cause shown for the delay. So the judge was unable to consider the merits of the LCA or of her termination. In making that decision, the judge considered the factors for whether a good cause has been established, such as the length of the delay, the reasonableness of the excuse, showing of due diligence, whether the appellant was pro se, and the evidence of circumstances beyond her control that could have affected her ability to comply. In response to the administrative judge's order explaining the timeliness requirements that the MSPB has, petitioner alleged that her delay should be excused due to illness. She submitted certain medical records indicating that she was treated for a back injury or a back pain at the emergency room on October 31, 2013, as well as a physician's letter indicating that she was feeling ill due to that injury and dehydrated in the following weeks. However, the administrative judge properly found that this evidence did not cover the entire nine-month delay in filing, and therefore petitioner had not established good cause for the late filing of her appeal. And if the court has no further questions, I would ask that you affirm the board's decision. Thank you, Ms. Lara and Mr. Samwani for government. Good morning, your honors. May it please the court. We would concur with the oral argument of the MSPB as to why the court should affirm the dismissal of Ms. Heumann's petition for lack of jurisdiction. I'd just like to address briefly a couple of points. As your honor pointed out, conclusory allegations do not count, and in addition to the case your honor cited, there's another case, Chase-Baker 198F3D843, in the MSPB context, which essentially says the same thing, that lack of factual allegations is required, and conclusory legal conclusions are not enough to meet the non-frivolous allegation standard as required to plead a use-error claim before the MSPB. And then with respect to the termination and the allegations of illegal contract, that goes to the merits of the case, and the MSPB did not resolve the merits because it was dismissed on a lack of jurisdiction. And I'd also note, even without the LCA, she was previously noticed for removal in 2012 and was given many warnings about unscheduled absence, taking too many absences, and then she had 14-day warning, 7-day warning, was slated to be removed, and then was given the last chance agreement, which was then also subsequently violated. And the last thing with respect to the LCA, it's premised on the issue of the provision that petitioner relies upon is the waiver of board rights, but the MSPB found that the LCA does not waive board rights, so it would support, if it were to be found that it was waived board rights, that would be another reason that the MSPB would have for lack of jurisdiction. That's all I have, Your Honors, unless the Court has any other questions. Thank you, Counsel. Mr. Stone has some rebuttal time left. Your Honor, first, there was evidence given to support Ms. Heumann's allegations. She argued, one, that the contract was illegal because they tried to override the U.S. Department of Labor and the Secretary's designate to handle workers' comp claims by— Why is that a USARA violation? Let me back up. She cannot be terminated without a right to a board hearing. She has a right to file to the board because of her veteran status. Now, you don't have to tie active duty or reserve duty to be protected under USARA. If you're a veteran, this Court has repeatedly held, as has the Supreme Court, you are still protected under USARA. They knew she was a veteran. They knew they wanted to get rid of her for illegal reasons. They knew the board would not uphold it. Therefore— You're constantly saying they knew. They knew. But that's not the same thing as evidence. Evidence? The evidence submitted was when she got hurt, they withheld documents and didn't fill out proper documents. They did not—it took almost a year. They withheld what documents? They withheld injury. They withheld the actual form that she was supposed to fill out. It's all in the file. They did not forward the information to the Labor Department. When you hurt on a job, any of us that are federal employees, you have to supply medical treatment immediately. And if it's an injury, not an occupational disease, but it's an injury, they have to give them 45 days leave. They didn't do that. So why is that a USARA violation? They didn't do it, Your Honor, because they didn't want her to use her board rights. They fell back on the last chance agreement, which was illegal. They got rid of her, where if they had—they wouldn't have been able to get rid of her if they didn't have the agreement. They wouldn't have been able to get rid of her if they gave her the 45 days. This was a person that—she was hit by a truck when she was working with the Postal Service. She's had problems ever since. She got hurt in the infantry. She went to work for the Postal Service. She's been in and out of work for years because of her injuries. They wanted her out. The Postal Service right now—I don't say this with any animus, but the Postal Service is under a lot of pressure right now to cut back on employees. They couldn't cut back on this one. And workers' comp is one of the top issues that pops up with all the agencies as being the most expensive. Cutting down on the agency cost is a good reason to want to get rid of somebody. And if you want to do it as easily as possible without a court hearing it, enter into a false contract, which is what they did. The basis of this whole thing is illegal. Anything further? Yes, there's one other thing. When the judge issued her decision, she didn't give her legal reasoning. She didn't give her—she cited no cases. She just said this was the way it was. And the MSPB attorney relied on that information in her oral argument. As Ms. Liddy has stated, the USARA statute is to be broadly construed. It was not broadly construed here. And the way it was written up, it appears it was construed in a way that they could brush it aside and get away from the 30-day period. That's my argument. It was based on a USARA contract. It was because of her veteran status and her rights as a veteran. Thank you, Mr. Stone. We'll take the case under review.